

# Memorandum

**To:** The Honorable U.S. District Judge Assigned

**From:** Justin Prophet. Senior U.S. Probation Officer

**Date:** November 18, 2021

**Re:** <u>Norman Allen, Dkt. 21-CR-10321 (D/MA); Dkt. 11-CR-01864 (D/NM) Request to Remove Special Condition</u>

---

On May 22, 2012, Mr. Norman Allen appeared before the Honorable Judith C. Herrera, U.S. District Judge, District of New Mexico, after having previously pleaded guilty to Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), and he was sentenced to twelve years of custody to be followed by a life term of supervised release. In addition to mandatory and special conditions, the Court imposed special conditions to include: substance use treatment and testing; search conditions; no alcohol use; mental health treatment; Residential Reentry Center (RRC) residence and programming; no viewing or possessing sexually explicit materials; no contact with children under the age of 18 without written permission from the probation officer; employment restrictions; computer restrictions and monitoring; psychosexual evaluation; and polygraph testing. As Mr. Allen reported no ties to the District of New Mexico and a desire to remain in Massachusetts, this office sought and received jurisdiction of this case. The purpose of this Memorandum is to request that the Court remove the following special condition:

"The defendant shall reside at and complete a program at a Residential Re-entry Center, approved by the probation officer, for a period of six months."

As a matter of background, Mr. Allen served a portion of his custodial sentence at the RRC in Boston, MA. While at the RRC, Mr. Allen presented a release plan that involved residing in an in-law unit of his sister's home. Upon receipt of the proposed plan, an investigation of said residence was conducted. This officer met with Mr. Allen's sister and subsequently approved the proposed release plan. On 10/8/2021, Mr. Allen started his term of supervised release. On that same date, he relocated to his approved residence and soon commenced employment. He reported that he is able to walk to his retail job and his sister is the store manager. Notably, Mr. Allen's sex offense-specific group counseling sessions are held near this residence.

Upon a closer review of the wording of the above-noted special condition, this officer determined that Court notification and intervention was necessary because Mr. Allen did not complete six months at the RRC before relocating to his residence. Notably, this officer believes that the RRC special condition was ordered to facilitate successful reintegration by providing Mr. Allen with time in the community to secure a residence and employment. As Mr. Allen's current residence appears stable and supportive, this officer believes that the RRC special condition should be removed. If Your Honor agrees with this officer's request, please make that indication in the corresponding space below. As always, please contact this officer with any questions or concerns (617) 571-7509).

1

**Reviewed and Approved By:**

*/s/ Christopher Foster*
Christopher Foster
Supervisory U.S. Probation Officer
11/18/2021

**The Court Orders:**

[✓] Request approved. The RRC condition is removed.

[ ] Other:

_____
The Honorable U.S. District Judge, Assigned

Date: 11/22/2021